IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYMBERLEY BEST, | : | |
| Plaintiff | : | No. 4:11-cv-00896 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COUNTY OF NORTHUMBERLAND, | : | (Magistrate Judge Blewitt) |
| VINNY CLAUSI, and MERLE | : | |
| PHILLIPS, | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Magistrate Judge Blewitt's June 29, 2012 Report and Recommendation, recommending that Plaintiff's amended complaint be dismissed in part. (Doc. No. 38.) For the reasons that follow, the Court will adopt the Report and Recommendation and will dismiss Plaintiff's amended complaint in part.

## I.   BACKGROUND

The background of this matter is set forth in more detail in Magistrate Judge Blewitt's Report and Recommendation, as well as the Court's memorandum issued on November 30, 2011; however, the Court will briefly summarize the pertinent details.[1] On December 19, 2011, Plaintiff Kymberley Best filed an amended complaint against the County of Northumberland, Vinny Clausi, and Merle Phillips, alleging two constitutional violations, an Equal Pay Act violation, and two state-law claims. (Doc. No. 22.) Plaintiff alleges that Defendants engaged in

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

unlawful conduct leading up to and including her termination as assistant solicitor and chief clerk of the County. (Id.)

According to her amended complaint, Plaintiff worked for the County from January 2009 until her termination on March 18, 2011. (Id. ¶¶ 7, 26.) During the entirety of Plaintiff's tenure as assistant solicitor and chief clerk, Defendants Clausi and Phillips worked as County Commissioners. (Id. ¶¶ 3, 4.)

In October 2010, Plaintiff reported that Defendant Clausi obtained a deficient air quality test in his investigation of an illness at the Northumberland County Courthouse. (Id. ¶ 8.) Plaintiff alleges that Defendant Clausi was angered by Plaintiff obtaining her own air quality test and dissatisfied with Plaintiff's recommendation that the courthouse employees file workers' compensation claims. (Id. ¶¶ 8-9.) Also that month, Defendant Clausi allegedly chose to ignore a contractor's warning that the panes of the courthouse's glass dome would cave in. (Id. ¶ 10.) In response to Plaintiff's report regarding this hazard, Defendant Clausi left Plaintiff a threatening voicemail message. (Id.) Plaintiff alleges that there were other instances of intimidating and harassing behavior, including one that she reported to the Human Resources Director and another to a District Attorney, which resulted in a state police investigation. (Id. ¶¶ 14-21.) She further alleges that Defendant Clausi stated to the news media that he would seek Plaintiff's termination. (Id. ¶ 18.)

On March 15, 2011, during a public meeting of the County Commissioners, Plaintiff encouraged the Commissioners to adopt her proposed Code of Civility, which set forth policies and duties intended to promote respect, courtesy, and civility within the County government. (Id. ¶ 22; see also Doc. No. 22-1.) At this meeting, Defendant Clausi urged for the termination

of Plaintiff. (Doc. No. 22 ¶ 25.) Defendants Clausi and Phillips voted to terminate Plaintiff, and Plaintiff was fired on March 18, 2011. (Id. ¶ 26.) Defendants indicated that Plaintiff was terminated for failing to communicate with Defendant Clausi after she made her police complaint, for providing poor legal advice on a matter involving the sale of County-owned land, and for proposing the Code of Civility at the public meeting. (Id. ¶ 27.) Following Plaintiff's termination, two men were hired to replace her. (Id. ¶ 28.)

On November 30, 2011, the Court dismissed Plaintiff's original complaint without prejudice. (Doc. No. 21.) Plaintiff filed her amended complaint on December 19, 2011. (Doc. No. 22.) Defendants jointly filed a motion to dismiss the amended complaint on January 16, 2012. (Doc. No. 26.) On June 29, 2012, Magistrate Judge Blewitt recommended that the complaint be dismissed in part with prejudice. (Doc. No. 38.) Plaintiff filed an objection to the Report and Recommendation on July 9, 2012. (Doc. No. 39.)

## II.  STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify a Report and Recommendation, a Court must make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper when the defendants are entitled to judgment as a matter of law. See Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). To avoid dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## III. DISCUSSION

In her amended complaint, Plaintiff has asserted the following causes of action: (1) a First Amendment retaliation claim raised pursuant to 42 U.S.C. § 1983 against Defendants Clausi and Phillips (Count I); (2) a claim pursuant to the Fourteenth Amendment's Due Process Clause against all Defendants (Count II); (3) an Equal Pay Act claim against all Defendants (Count III); (4) a conspiracy claim raised pursuant to 42 U.S.C. § 1985 against Defendants Clausi and Phillips (Count IV); (5) a claim under the Pennsylvania Whistleblower Law, 43. P.S. § 1421, against all Defendants (Count V); and (6) a wrongful termination claim, which Plaintiff voluntarily dismissed in her brief in opposition to Defendants' motion to dismiss the amended complaint (Count VI). (Doc. No. 22; Doc No. 32 at 13.) In his Report and Recommendation, Magistrate Judge Blewitt recommended that Defendants' motion to dismiss be granted in part. (Doc. No. 38 at 44.) Specifically, Magistrate Judge Blewitt recommended that Defendants'

motion be: (1) denied with respect to Plaintiff's First Amendment retaliation claim; (2) granted with respect to Plaintiff's due process claim; (3) granted with respect to Plaintiff's Equal Pay Act claim; (4) granted with respect to Plaintiff's conspiracy claim; (5) granted in part with respect to Plaintiff's Pennsylvania Whistleblower Law claim, to the extent that her claim relates to her complaints of harassment; and (6) granted with respect to her wrongful termination claim. In her objection, Plaintiff argues that her Fourteenth Amendment due process claim should not be dismissed because she has satisfied the stigma-plus test. (Doc. No. 39 at 2.) The Court will review Magistrate Judge Blewitt's recommendation with respect to Plaintiff's Fourteenth Amendment due process claim de novo.

### A. Due Process Claim

In Count II of her amended complaint, Plaintiff brings a due process liberty interest claim. Plaintiff alleges that Defendants violated her liberty interest in her reputation by defaming her in connection with her termination. Specifically, Plaintiff alleges that "Defendant Clausi repeatedly informed the other County Commissioners and Northumberland County department heads that Plaintiff was engaging in sexual relations with Attorney Timothy Bowers on county time." (Doc. No. 22 ¶ 19.) Plaintiff also alleges that Defendants cited "failing to have verbal communication with Defendant Clausi after she made the police complaint, poor legal advice over a matter involving the sale of county owned land, and raising the proposed code of civility at a public meeting" as reasons for her termination. (Id. ¶ 27.)

Magistrate Judge Blewitt recommended that Defendants' motion to dismiss this claim be granted because Plaintiff did not allege that the statements regarding her engaging in sexual relations with Attorney Bowers were made publicly. (Doc. No. 38 at 28.) Plaintiff objected to

this portion of the Report and Recommendation, arguing that she "does not have to conclusively demonstrate that the allegations were connected to her termination and that they were published to the general public" in order to sufficiently state a claim.  (Doc. No. 39 at 3.)

To make "a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to [her] reputation plus deprivation of some additional right or interest. . . . To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statements(s) (1) were made publicly and (2) were false."  Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (citations omitted) (emphasis in original).  In order to be considered stigmatizing, the statements must call into question Plaintiff's good name or integrity "as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession."  Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004) (internal citation and quotation marks omitted).

Plaintiff fails to allege sufficient facts in her amended complaint to satisfy the stigma prong of the test.  Specifically, Plaintiff has not alleged that Defendant Clausi made the statements regarding Plaintiff and Attorney Bowers to the public nor that this was a reason for her termination.

Moreover, Defendant Clausi's alleged statements to various news media that Plaintiff should resign and that he would seek Plaintiff's termination do not satisfy the stigma prong for the reasons set forth in the Court's order dismissing Plaintiff's original complaint.  (Doc. No. 21 at 9.)  Namely, the statements cannot be said to be false, because Defendant Clausi did not seek Plaintiff's termination.  Furthermore, the statement citing poor legal advice as a basis for

termination does not call into question Plaintiff's good name or integrity "in such a fashion as to effectively put a roadblock in [her] continued ability to practice [her] profession." See Patterson, 370 F.3d at 330. Because Plaintiff has failed to allege that Defendants made stigmatizing statements to the public, she has failed to satisfy the stigma prong of her due process claim in her amended complaint. Therefore, the Court will adopt Magistrate Judge Blewitt's recommendation and dismiss this claim with prejudice. Plaintiff has already been given leave to amend her complaint, and has failed to amend this claim so as to cure the defects noted in the Court's order of November 30, 2011. Thus, further leave to amend would be futile. See Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004.)

## IV.   CONCLUSION

Upon de novo review of the contested portion of Magistrate Judge Blewitt's Report and Recommendation, and finding no error in the uncontested portions, the Court will adopt the Report and Recommendation in full.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYMBERLEY BEST,** | : | |
| Plaintiff | : | No. 4:11-cv-00896 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **COUNTY OF NORTHUMBERLAND, VINNY CLAUSI, and MERLE PHILLIPS,** | : : : | (Magistrate Judge Blewitt) |
| Defendants | : | |

## ORDER

**AND NOW**, on this 16th day of August 2012, **IT IS HEREBY ORDERED** that Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 38) is **ADOPTED** and Defendants' motion to dismiss (Doc. No. 26) is **GRANTED** as follows:

1. Plaintiff's due process claim (Count II) is **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Equal Pay Act claim (Count III) is **DISMISSED WITH PREJUDICE**;

3. Plaintiff's conspiracy claim (Count IV) is **DISMISSED WITH PREJUDICE**;

4. Plaintiff's Pennsylvania Whistleblower Law claim (Count V) is **DISMISSED WITH PREJUDICE** to the extent that it relates to Plaintiff's complaints of harassment;

5. Plaintiff's wrongful termination claim (Count VI) is **DISMISSED WITH PREJUDICE**; and

6. Defendants' motion to dismiss is **DENIED** in all other respects.

7. All further proceedings in this case are recommitted to Magistrate Judge Blewitt.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania