IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KYMBERLY BEST                          :        Case No. 4:11-cv-00896
                                       :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :        (Judge Brann)
                                       :
COUNTY OF                              :
NORTHUMBERLAND,                        :
VINNY CLAUSI and                       :
MERLE PHILLIPS                         :
                                       :
                                       :
            Defendants.                :

**MEMORANDUM**

October 1, 2013

**BACKGROUND:**

On August 16, 2013, the Scranton Times, L.P. d/b/a The News-Item filed a

Motion to Intervene and Unseal the Settlement Agreement between Kymberly

Best, Plaintiff, and the County of Northumberland, Vinny Clausi, and Merle

Phillips, Defendants (together, the "Parties").  ECF No. 67.  The Parties settled

their dispute with a mediator on April 2, 2013, and subsequently filed a Joint

Motion of All Parties to Seal the Settlement Agreement from Public Disclosure and

Mark as Confidential, which the court granted on June 5, 2013.  ECF No. 66.  The

Scranton Times now seeks to unseal the settlement as a third-party pursuant to the

First Amendment and the common law right of access to judicial records.  ECF No. 67.

**DISCUSSION:**

There is a well-settled presumption in the openness of court proceedings and records—the public's right to this information "is beyond dispute."  <u>Publicker Indus., Inc. v. Cohen</u>, 733 F.2d 1059, 1066 (3d Cir. 1984); <u>see also</u> <u>Press-Enter. Co. v. Superior Court of Cal., Riverside Cnty.</u>, 464 U.S. 501, 507–10 (1984); <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978); <u>Littlejohn v. Bic Corp.</u>, 851 F.2d 673, 678 (3d Cir. 1988).  This presumption is overcome only by "an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest."  <u>Press-Enter. Co.</u>, 464 U.S. at 510.  Courts routinely find third parties have standing to challenge confidentiality orders to obtain access to information in similar circumstances.  <u>See</u> Fed. R. Civ. P. 24(b); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 777–80 (3d Cir. 1994); <u>U.S. v. Cianfrani</u>, 573 F.2d 835, 844–46 (3d Cir. 1978).

The right of access inquiry turns on whether the Settlement Agreement is a "judicial record" accessible under the doctrine.  <u>See</u> <u>Pansy</u>, 23 F.3d at 781.  A settlement agreement must be filed with the district court to be a "judicial record," subject to the access that classification warrants.  <u>Bank of Amer. Nat'l Trust v.</u>

Hotel Rittenhouse Assocs., 800 F.2d 339, 345 (3d Cir. 1986).  When a settlement is

not filed with the court, interpreted, or ordered enforced by the court, it is not a

judicial record.  In re Cedant Corp., 260 F.3d 183, 192 (3d Cir. 2001); Enprotech

Corp. v. Renda, 983 F.2d 17, 20–21 (3d Cir. 1993).  Simply entering a

confidentiality order over settlement agreements "does not automatically convert

those documents into 'judicial records' accessible under the right of access

doctrine."  Pansy, 23 F.3d at 782.

In the matter at hand, the Settlement Agreement is not a judicial record

subject to the right of access doctrine, because it was not filed with the Court,

interpreted, or ordered enforced by the Court.  See Pansy, 23 F.3d at 782;

Enprotech Corp., 983 F.2d at 20–21.  The Settlement Agreement's only appearance

on the record is in severely redacted form as an exhibit to the Parties' motion to

seal the Agreement.  ECF No. 65.

Nevertheless, "[t]he issue of whether an order of confidentiality should be

modified is separable from the question concerning whether a settlement

agreement subject to that order is a judicial record for purposes of the right of

access doctrine."  Pansy, 23 F.3d at 785.  A district court retains the power to

modify or lift confidentiality orders that it has entered.  Id. at 784.  The criteria

utilized in determining whether to modify an existing seal include: i) the parties'

3

interest in secrecy; ii) whether a party desiring the seal is a public entity; iii) potential embarrassment to the parties from disclosure; iv) whether the action involves matters of public health, safety, or concern; v) the parties reliance on the existing order.  Id. at 786–88, 90.  The public's interest in the information is "a particularly compelling consideration" where, as here, a party is a public entity or official.  Id. at 788; FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987).

Additionally, "where it is likely that information is accessible under a relevant freedom of information law, a strong presumption exists against granting or maintaining an order of confidentiality whose scope would prevent disclosure of that information."  Pansy, 23 F.3d at 791.  In Pansy v. Borough of Stroudsburg, the settlement agreement likely would have been accessible under Pennsylvania's Right-to-Know Act, but for the district court's seal, as in the present case.  23 F.3d at 791.  That circumstance, coupled with the fact that the case involved a governmental body and a public official, led the Pansy court to state "it would be unusual if on remand the district court were to find that circumstances exist which justify the Order of Confidentiality being maintained over the Settlement Agreement."  Pansy, 23 F.3d at 792.

Moreover, "[t]he burden is on the party who seeks to overcome the

4

presumption of access to show that the interest in secrecy outweighs the presumption." Bank of Amer., 800 F.2d at 344.  Here, none of the Parties to the Settlement Agreement submitted any substantive arguments in support of maintaining the seal.

Given the strong presumption in favor of openness, the fact that this case involves a governmental entity, and that the seal would prevent disclosure of this information under a relevant freedom of information law, the seal should not continue and shall be vacated.  See Pansy, 23 F.3d at 786–92.  The Parties' unarticulated interest in maintaining the seal is not sufficient to overcome the weight of those other significant considerations.

There is a practical implication in vacating the Order granting the seal, rather than granting access to the Settlement Agreement under the right to access doctrine.  If the Settlement Agreement was a judicial record, the district court itself would make it available under the doctrine.  Pansy, 23 F.3d at 784.  Because it is not a judicial record, it is not available in this manner.  This Order merely vacates the prior Order to seal, allowing the Scranton Times to pursue the information through other legal channels, such as its action in state court under Pennsylvania's Right-to-Know Act.  See id.; Tribune-Review Publ'g Co. v. Westmoreland Cnty. Hous. Auth., 574 Pa. 661, 833 A.2d 112 (2003) (finding that a confidential

settlement agreement is a public record subject to disclosure under the Right-To-Know Act).

An appropriate Order follows.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYMBERLY BEST | : | Case No. 4:11-cv-00896 |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| COUNTY OF | : | |
| NORTHUMBERLAND, | : | |
| VINNY CLAUSI and | : | |
| MERLE PHILLIPS | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

October 1, 2013

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** The Scranton

Times, L.P. d/b/a The News-Item's Motion to Intervene and Unseal Settlement

Agreement (ECF No. 67) is GRANTED, and the settlement agreement is unsealed

and all terms of said agreement, including the settlement amount, is rendered non-

confidential and open and accessible to the public.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge